UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

WESTERN DIVISION

| | |
|---|---|
| WILLIAM DECORY,<br><br>          Plaintiff,<br><br>vs.<br><br>CRAIGE A. PFIEFLE,[1]<br>Presiding Judge,<br><br>          Defendant. | CIV. 20-05051-JLV<br><br>ORDER GRANTING PLAINTIFF'S MOTION TO PROCEED *IN FORMA PAUPERIS* AND DISMISSING COMPLAINT |

On August 18, 2021, plaintiff William Decory filed a *pro se* civil rights action under 42 U.S.C. § 1983.  (Docket 1).  Mr. Decory is currently an inmate at the Pennington County Jail.  Id. at p. 3.  He moves to proceed *in forma pauperis* and provided a copy of his prisoner trust report.  (Dockets 3 & 6).

The Prison Litigation Reform Act, 28 U.S.C. § 1915, requires prisoners to make an initial partial filing fee payment when possible.  Determination of the partial filing fee is calculated according to 28 U.S.C. § 1915(b)(1), which requires a payment of 20 percent of the greater of:

(A)   the average monthly deposits to the prisoner's account; or

(B)   the average monthly balance in the prisoner's account for the 6-month period immediately preceding the filing of the complaint or notice of appeal.

---

[1]The court takes judicial notice that Judge Pfeifle's first name is "Craig" not "Craige."

In support of his motion, plaintiff provided a copy of his prisoner trust account report signed by an authorized prison officer.  (Docket 6).  The report shows an average monthly deposit for the past six months of $0, an average monthly balance for the past six months of $0, and a current balance of $0.  Id.  In light of this information, the court finds plaintiff is not required to make an initial partial filing fee.

Under 28 U.S.C. § 1915A, the court must review a prisoner complaint and identify cognizable claims or dismiss the complaint if it is frivolous, malicious, or fails to state a claim upon which relief may be granted.  This screening process "applies to all civil complaints filed by [a] prisoner[], regardless of payment of [the] filing fee."  Lewis v. Estes, 242 F.3d 375 at *1 (8th Cir. 2000) (unpublished) (citing Carr v. Dvorin, 171 F.3d 115, 116 (2d Cir. 1999)).  "[A] complaint, containing as it does both factual allegations and legal conclusions, is frivolous where it lacks an arguable basis either in law or in fact. . . . § 1915(d)'s term 'frivolous,' when applied to a complaint, embraces not only the inarguable legal conclusion, but also the fanciful factual allegation."  Neitzke v. Williams, 490 U.S. 319, 325 (1989).

Mr. Decory names Craige A. Pfeifle, the Presiding Circuit Judge of the Seventh Judicial Circuit of South Dakota, as the defendant.  (Docket 1 at p. 1).  Mr. Decory does not specify the capacity in which he sues Judge Pfeifle, nor does he specify the relief sought.  See id. at p. 1-2.  Because Mr. Decory has not specified in what capacity he is suing Judge Pfeifle, the court treats the claims as only in his official capacity.  See Egerdahl v. Hibbing Cmty. Coll., 72 F.3d 615, 619 (8th Cir. 1995); Nix v. Norman, 879 F.2d 429, 431 (8th Cir. 1989).  Judge Pfeifle is an employee of the State of South Dakota.

"A suit against a government officer in his official capacity is functionally equivalent to a suit against the employing governmental entity." Veatch v. Bartels Lutheran Home, 627 F.3d 1254, 1257 (8th Cir. 2010). The Supreme Court has stated, "a suit against a state official in his or her official capacity is not a suit against the official but rather is a suit against the official's office." Will v. Mich. Dep't of State Police, 491 U.S. 58, 71 (1989) (citing Brandon v. Holt, 469 U.S. 464, 471 (1985)). Thus, it is a suit against the state itself. While "[§] 1983 provides a federal forum to remedy many deprivations of civil liberties . . . it does not provide a federal forum for litigants who seek a remedy against a State for alleged deprivations of civil liberties." Id. at 66.

Mr. Decory sues Judge Pfeifle in his official capacity. The Eleventh Amendment generally acts as a bar to suits against a state for money damages unless the state has waived its sovereign immunity. Id. When an official capacity claim is asserted for injunctive relief against a state officer, the defense of qualified immunity does not apply. See Pearson v. Callahan, 555 U.S. 223, 242-43 (2009).

Mr. Decory does not specify the relief he seeks. (Docket 1 at p. 1-2). Mr. Decory claims he attempted to impeach Judge Pfeifle on June 29, 2021, and that he appealed a motion to the South Dakota Circuit Court for "economical crimes" under 28 U.S.C. § 994(j). Id. at p. 1. Mr. Decory claims that he has not been duly convicted and that he is innocent. Id. at p. 2.

Any claims for money damages against Judge Pfeifle are claims against the State of South Dakota. The State of South Dakota has not waived its sovereign immunity. To the extent Mr. Decory seeks to hold Judge Pfeifle liable in his official capacity for money damages, the court finds Judge Pfeifle is

3

protected by sovereign immunity and is entitled to judgment as a matter of law. As to any claims for injunctive relief, Mr. Decory does not state the injunctive relief he seeks.  Further, he provides no facts supporting his claims and he fails to state a claim upon which relief can be granted.  Mr. Decory's complaint is dismissed without prejudice under 28 U.S.C. §§ 1915(e)(2)(B)(i-ii) and 1915A(b)(1).

Accordingly, it is

ORDERED that plaintiff's motion for leave to proceed *in forma pauperis* (Docket 3) is granted.

IT IS FURTHER ORDERED that plaintiff's complaint is dismissed without prejudice pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1) for failure to state a claim upon which relief may be granted.

IT IS FURTHER ORDERED that the institution having custody of Mr. Decory is directed that whenever the amount in his trust account exceeds $10, monthly payments that equal 20 percent of the funds credited to the account the preceding month shall be forwarded to the United States District Court Clerk's Office pursuant to 28 U.S.C. § 1915(b)(2) until the filing fee of $350 is paid in full.

Dated September 13, 2021.

                BY THE COURT:

                /s/ *Jeffrey L. Viken*
                JEFFREY L. VIKEN
                UNITED STATES DISTRICT JUDGE