UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
WESTERN DIVISION



| | |
|---|---|
| WILLIAM MARTIN ARDENE DECORY,<br><br>Plaintiff,<br><br>vs.<br><br>CRAIGE A. PFIEFLE, Presiding Judge, and ROBERTO A. LANGE, Chief Judge;<br><br>Defendants. | 5:21-CV-05051-CBK<br><br>ORDER |

Plaintiff, a prisoner, filed a complaint under 42 U.S.C. § 1983 against South Dakota Circuit Court Judge Craig A. Pfeifle arising out of his involvement, or rather, refusal to be involved, in plaintiff's many state court criminal cases. Upon initial review by the Hon. Jeffrey L. Viken, the complaint against Judge Pfeifle was dismissed on September 13, 2021, for failure to state a claim upon which relief could be granted. Prior to the entry of the September 13, 2021, order, plaintiff filed an amended complaint seeking to impeach United States District Judge Roberto A. Lange for plaintiff's "unconstitutional prosecution" in a federal criminal case (which was not assigned to Judge Lange) and various federal civil cases filed by plaintiff (one of which was assigned to Judge Lange). The amended complaint was not addressed in the order of dismissal.

The order of dismissal was mailed to plaintiff at the last known address he provided to the Clerk of Courts. The order was returned as undeliverable. On October 18, 2021, plaintiff provided the Clerk of Court a new address. The order was resent to the new address and was also returned as undeliverable. On October 28, 2021, the mail was resent to another address found from correspondence located in another file. On November 5, 2021, petitioner filed a motion to extend the time to file a notice of appeal.

It appears that plaintiff did not timely receive notice of the dismissal of the original complaint in this case due to issues with his address. However, as set forth

below, his motion to file a late appeal has now become moot as I find that the amended complaint against both defendants should be dismissed.

Other than in criminal cases, "[a]n *in forma pauperis* litigant's access to the courts is a matter of privilege, not of right, and should not be used to abuse the process of the courts." Williams v. McKenzie, 834 F.2d 152, 154 (8th Cir. 1987). I must screen the plaintiff's claims to determine whether this action

> (i) is frivolous or malicious;
> (ii) fails to state a claim on which relief may be granted; or
> (iii) seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2)(B).

Pursuant to the Doctrine of Judicial immunity a "judge is immune from suit, including suits brought under section 1983 to recover for alleged deprivation of civil rights, in all but two narrow sets of circumstances." Schottel v. Young, 687 F.3d 370, 373 (8th Cir. 2012). Judicial immunity is overcome only where the alleged actions are "not taken in the judge's judicial capacity" or were "taken in the complete absence of all jurisdiction." Mireles v. Waco, 502 U.S. 9, 11-12, 112 S.Ct. 286, 288, 116 L.Ed.2d 9 (1991). Plaintiff has failed to allege any action by the judges that was nonjudicial in nature or taken without jurisdiction. Indeed, plaintiff's claims against the defendant judges is that they, in their supervisory capacity as presiding and chief judge, failed to intervene in plaintiff's pending federal and state court civil and criminal cases. The judges are immune from suit in this case. Plaintiff has failed to state a claim upon which relief may be granted against both defendants.

In an effort to curb the flood of non-meritorious claims filed by prisoners, Congress passed the Prison Litigation Reform Act of 1995 ("PLRA"), 110 Stat. 1321-71, to "filter out the bad claims and facilitate consideration of the good." Jones v. Bock, 549 U.S. 199, 203-04, 127 S.Ct. 910, 914, 166 L.Ed.2d 798 (2007). The PLRA introduced a three strikes provision which provides:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought

an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). "In other words, for most three strikers, all future filing fees become payable in full upfront." Bruce v. Samuels, ___ U.S. ___, ___, 136 S.Ct. 627, 630, 193 L.Ed.2d 496 (2016).

I have determined that this matter is frivolous and fails to state a claim upon which relief may be granted. The dismissal of this case counts as a strike under the PLRA. Whether this is a first, second, third, or other strike is not yet apparent.

Now, therefore,

IT IS ORDERED:

1. Plaintiff's motion, Doc. 15, to extend the time to file an appeal is denied as moot.

2. Plaintiff's amended complaint is dismissed as to both defendants pursuant to 28 U.S.C. § 1915(e)(2)(B). This dismissal counts as a strike pursuant to 28 U.S.C. § 1915(g).

DATED this 22nd day of April, 2022.

BY THE COURT:

*Charles B. Kornmann*
CHARLES B. KORNMANN
United States District Judge